RECEIVED

SEP 10 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus                                CRIMINAL NO. 08-00302-02
                                      JUDGE TOM STAGG
MARKIYA ATKINS

## MEMORANDUM RULING

Before the court is Markiya Atkins's ("Atkins") motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. See Record Document 117. Based on the following, Atkins's motion is **DENIED**.

## I. BACKGROUND

On October 22, 2008, a federal grand jury returned a four count indictment against Atkins and a co-defendant. Atkins was charged in count one with conspiracy to possess with intent to distribute in excess of fifty grams or more of crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count two charged Atkins with conspiracy to possess with intent to distribute powder cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Record Document 11. Atkins pled guilty to count one on December 30, 2008. See Record Document 48. On March 31, 2009, Atkins was sentenced to a term of imprisonment of 120 months as to count one; count three was dismissed on the

motion of the government. See Record Document 68. Thereafter, Atkins did not appeal her conviction. Atkins filed the instant motion on September 4, 2013. See Record Document 117.

## II. LAW AND ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 by creating a one-year period of limitation in which to file a section 2255 motion. Section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Due to Atkins not filing an appeal, her conviction became final thirty days after the judgment was signed. "By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed . . . ." United States v. Johnson, 457 U.S. 537, 542, n. 8, 102 S. Ct. 2579, 2582, n 8. (1982) (quotations and citations omitted). Applying this provision, Atkins's section 2255 motion became time-barred in May of 2010–one year plus thirty days from the date her judgment became final. Atkins's motion, however, was not filed until September of 2013, well after the expiration of the time limitation. Therefore, her motion is untimely.

Accordingly, **IT IS ORDERED** that Atkins's motion to vacate, set aside, or correct her sentence under section 2255 (Record Document 117) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 9th day of September, 2013.

JUDGE TOM STAGG